GEORGE FORBES & al. *versus* MARY M. HALL.

An attachment of real estate upon a writ containing the money counts, without any specifications of the claims under those counts, is invalid against subsequent attachments or conveyances.

A levy, in the description of which the place of beginning, with the first line from it, and the last line running to it, is given with sufficient certainty, but the other description is a line commencing at the second monument and running "thence southwesterly forty-nine feet and five inches to a point; thence easterly twenty-one feet and nine inches to a point;" is invalid for uncertainty, there being no other description by which the estate levied on can be identified.

But when some particulars are erroneously stated, and yet, from the whole description, the premises levied on can be ascertained, the levy is valid.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding. REAL ACTION. The case is stated in the opinion.

*Hilliard & Flagg,* for plaintiffs.

*Blake & Garnsey,* for defendant.

The opinion of the Court was drawn up by

DAVIS, J.—The premises in controversy were conveyed by the tenant, and her husband, April 28, 1858, to one George Wooderson, and the deed was recorded on the same day. Wooderson, on the same day, gave a deed of the premises back to the tenant alone; but his deed was not recorded until April 28th, 1859. In the meantime, two attachments were put upon the premises, as the property of Wooderson, by the demandants; and one attachment, of an earlier date, by Sturgis, Wade & Dawson. Judgments were duly recovered in all three of the suits; and levies were made Dec. 19 and 20, 1860.

The proceedings in the levy in favor of Sturgis, Wade & Dawson appear to have been correct; but, as the writ in that case contained the common counts, without any specification of their claim, their attachment was invalid. Their title under their levy is therefore subject to any rights of third persons originating before the *seizure upon their execution*. Before that time Wooderson's deed to the tenant had been recorded; and the premises had been attached and levied upon by the present demandants. The validity of their attachments is not questioned. So far as their levies were valid, they are entitled to recover.

One of their judgments was for $380,00 debt, and $26,03 costs of suit. The appraisers, in describing the property set out for the levy of the execution upon this judgment, designate with sufficient clearness the place of beginning, with the first line from it, and the last line, running to it. But between those two points, commencing at the second monument, the line is said to run "thence southwesterly forty-nine feet and five inches to a point; thence easterly twenty-one feet and nine inches to a point." There is nothing in this or any other part of the description by which the line intended can be ascertained. There is no definite course and no monument. This levy cannot be sustained.

The other judgment was for $530,04 debt, and $26,03

costs of suit, upon which execution was duly issued. The appraisers, in describing the part of the premises set out, improperly use the terms "southwesterly," and "northwesterly;" but the other part of their description is not only sufficient without these terms, but it is sufficient to correct the erroneous use of them, and enable one, by the whole description, to ascertain the premises levied upon. Such an error will not render either a deed, or a levy, invalid. *Bosworth* v. *Sturtevant*, 2 Cush., 392; *Wing* v. *Burgis*, 13 Maine, 111.

The demandants are entitled to a judgment for the premises described in the first count in their writ, and for no more.

APPLETON, C. J., CUTTING, KENT, DICKERSON and BARROWS, JJ., concurred.